UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ALPHA KANU,                                           Case No. 3:21-cv-00800-MC

             Petitioner,                              OPINION AND ORDER

    v.

DEWAYNE HENDRIX,

             Respondent.

_____

MCSHANE, District Judge.

        Petitioner, an inmate at the Federal Correctional Institution in Sheridan, Oregon, filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 alleging that the Bureau of Prisons (BOP) failed to properly assess him for placement at a Residential Re-entry Center (RRC). Petitioner maintains that he is entitled to a twelve-month RRC assignment and requests that this Court order BOP to reassess his RRC eligibility.

        Petitioner is not entitled to federal habeas relief and the Petition is DENIED.

1   - OPINION AND ORDER

<u>DISCUSSION</u>

In September 2019, petitioner was convicted of Wire Fraud and Aggravated Identity Theft and sentenced to an aggregate prison term of forty-eight months. Morales Decl. ¶ 5 (ECF No. 11). Petitioner's projected release date is September 8, 2022, and BOP officials recommend that he be transferred to an RRC on April 15, 2022 to serve the remainder of his sentence. *Id.* at ¶¶ 5, 8 & Ex. C at 6-7. Petitioner contends that he is eligible for a twelve-month RRC placement and should have been transferred to an RRC in September 2021. Petitioner requests that this Court order BOP to reconsider him for an immediate RRC placement. Pet. at 8 (ECF No. 2).

Respondent contends that petitioner did not complete the BOP administrative appeal process and has not fully exhausted his administrative remedies. Morales Decl. ¶¶ 7-8; *see also* 28 C.F.R. § 542.10-542.15 (describing steps in the BOP Administrative Remedy Program). "As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). Petitioner concedes that he did not exhaust the administrative appeal process but maintains that exhaustion would have been futile because he could not have completed the process prior to September 2021. *See id.* at 1045-46 (explaining that the exhaustion requirement is not jurisdictional and may be waived if pursuing administrative remedies would be futile). Even if futility excuses petitioner's failure to exhaust, he fails to show entitlement to habeas relief.

In support of his requested relief, petitioner relies on the Second Chance Act of 2007, which authorizes BOP to place eligible inmates in RRCs for up to twelve months at the end of their prison terms to prepare them for reentry into the community. *See* 18 U.S.C. § 3624(c)(1) (providing that BOP "shall, to the extent practicable, ensure that a prisoner serving a term of

imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility"). BOP must consider five statutory factors when designating an inmate's placement: 1) the resources of the contemplated RRC facility; 2) the nature and circumstances of the inmate's offense; 3) the history and characteristics of the inmate; 4) any relevant statement of the sentencing court; 5) any pertinent policy statement issued by the Sentencing Commission. *Id.* § 3621(b).

Petitioner does not allege that BOP failed to assess his eligibility for an RRC placement or failed to consider the required statutory factors. Instead, petitioner argues that BOP did not "properly assess" his history and characteristics and, had these factors been afforded the appropriate weight, BOP would have found him eligible for a 12-month RRC placement. *See* Pet'r Suppl. Brief (ECF No. 12).

However, the Second Chance Act does not create an "enforceable legal right to a 12-month RRC placement" and requires only that BOP conduct an individualized determination of an inmate's eligibility for RRC placement under the statutory factors set forth in § 3621. *See Sams v. Thomas*, No. 11-cv-00333-AC, 2011 WL 2457407, at *4 (May 12, 2011). Consequently, BOP has discretion to determine the length of an RRC placement, and so long as BOP conducts the individualized assessment required by statute, this Court lacks jurisdiction to review its RRC decisions. *See Reeb v. Thomas,* 636 F.3d 1224, 1227 (9th Cir. 2011) (holding that prisoners may not bring § 2241 habeas petitions to challenge discretionary decisions made pursuant to 18 U.S.C. § 3621); *Adams v. Thomas*, No. 3:11-cv-1564-MA, 2012 WL 1205104, at *3 (D. Or. Apr. 11, 2012) ("To the extent that petitioner challenges the BOP's substantive, individualized RRC

3    - OPINION AND ORDER

placement determination pursuant to § 3621(b), this court lacks jurisdiction to review that decision.").

Petitioner received an individualized determination of his eligibility for RRC placement, and this Court is not authorized to review that decision.

<u>CONCLUSION</u>

The Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 2) is DENIED and petitioner's Motion to Compel Status Update (ECF No. 15) is DENIED as moot. This case is DISMISSED.

DATED this 6th day of December, 2021.

s/  Michael J. McShane<br>
MICHAEL J. MCSHANE<br>
United States District Judge
